IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:25-mc-00048-CNS

PEAK API LENDING, LLC,

Plaintiff,

v.

BRIGHT PATH LABORATORIES, INC.,

Defendant.

---

**ORDER**

---

Before the Court is Plaintiff's Motion to Confirm Arbitration Award and for Enforcement of the Award as a Civil Judgment, ECF No. 1, and Plaintiff's Supplement to Motion to Confirm Arbitration Award, ECF No. 3. For the following reasons, the Court GRANTS Plaintiffs' confirmation motion.

A brief summary of the relevant background facts suffices. The parties entered into a "Revolving Credit Agreement" that contained an arbitration provision. *See* ECF No. 1-2 at 3. Consistent with that provision, the parties arbitrated Plaintiff's claims against Defendant, *see* ECF No. 1-3 at 1, resulting in a Judicial Arbitration and Mediation Services (JAMS) arbitrator issuing a final award on January 27, 2025, under which Plaintiff was awarded "$282,128.00 in damages . . . plus $41,814.33 in reasonable attorney fees, $9,152.52 in costs, for a total award of $333,094.85 against" Defendant, *id.* at 8. On May

1

19, 2025, Plaintiff filed the instant motion, seeking confirmation and enforcement of the arbitrator's final award. *See generally* ECF No. 1.

  ***Confirmation of Arbitration Award.*** Regarding confirmation of arbitration awards, 9 U.S.C. § 9 sets forth the elements that "must be present for a district court" to confirm an arbitration award:

   (1) the parties must have agreed to binding arbitration;

   (2) the petition to confirm the award must be brought within one year of the award;

   (3) notice of the petition must be served on the adverse party; and

   (4) the petition must be brought in an appropriate court.

*Good Funds Lending, LLC v. Westcor Land Title Ins. Co*., No. 19-cv-00861-RM-MEH, 2020 WL 1514669, at *4 (D. Colo. Mar. 30, 2020) (citations omitted). "Confirmation of an arbitral award under section 9 . . . is intended to be summary." *Id.* (citation omitted); *see also Hungry Horse LLC v. E Light Elec. Servs., Inc*., 569 F. App'x 566, 569 (10th Cir. 2014) (recognizing the goal of arbitration is the "speedy and final resolution of disputes").

  Plaintiff has shown that these elements are "present," *Good Funds*, 2020 WL 1514669, at *4, and thus that confirmation of the arbitration award is proper.

  *First*, the parties agreed to binding arbitration. *See* ECF No. 1-2 at 3; ECF No. 1-3 at 6.

  *Second*, Plaintiff filed this action within one year of the arbitrator's final award. *Compare* ECF No. 1, *with* ECF No. 1-3 at 8.

*Third*, as confirmed in Plaintiff's supplementary filing, *see* ECF No. 3, notice of Plaintiff's confirmation motion was served on Defendant, *see* ECF No. 3-3 at 1. Moreover, Plaintiff's supplement demonstrates that Plaintiff has made numerous efforts to notify and contact Defendant and Defendant's counsel regarding the confirmation motion and final award. *See* ECF No. 3-1; ECF No. 3-2.

*Fourth*, Plaintiff's confirmation motion was brought in the "appropriate court." *Good Funds*, 2020 WL 1514669, at *4; § 9; ECF No. 1-3 at 1.

Therefore, for the reasons set forth above, "summary" confirmation of Plaintiff's arbitration award is proper. *See Good Funds*, 2020 WL 1514669, at *4.

**Attorney's Fees.** Plaintiff also seeks an award of attorney's fees and costs for "post-Final Award legal work." ECF No. 1 at 2. "An award of attorney's fees incurred in obtaining enforcement of an arbitration award is discretionary." *Good Funds*, 2020 WL 1514669, at *7 (citation omitted); *see also id.* (noting party may move for attorneys' fees where "his opponent has acted in bad faith, vexatiously, wantonly, or for oppressive reasons" (quotation omitted)). Here, the Court concludes it is proper to exercise its discretion and award Plaintiff the reasonable fees and costs it seeks in connection with "post-Final Award legal work." ECF No. 1 at 2.

In response to the Court's June 23, 2025, order, Plaintiff submitted detailed time records regarding the work performed in preparing and filing the confirmation motion, as well as evidence of the cost for filing the motion. *See generally* ECF No. 3-4. A review of these records confirm that Plaintiff's time spent on "post-Final Award legal work," ECF No. 1 at 2—i.e., time spent seeking to confirm the arbitration award—is reasonable, as is

the hourly rate charged for conducting this work. *See, e.g., United Scenic Artists, Loc. USA 829, IATSE v. Parnes*, No. 25 CIV. 143 (PAE), 2025 WL 1358102, at *4 (S.D.N.Y. May 8, 2025)

Given the reasonableness of Plaintiff's well-documented legal work, and that Defendant has not complied with the arbitration award by paying Plaintiff the final award— or undertaking any efforts to go about doing so—nor has Defendant appeared in this confirmation action, the Court concludes that under these circumstances it is appropriate to award Plaintiff reasonable attorney's fees and costs incurred in pursuing this action. *See, e.g., Herrenknecht Corp. v. Best Rd. Boring*, No. 06 CIV. 5106 (JFK), 2007 WL 1149122, at *4 (S.D.N.Y. Apr. 16, 2007) (concluding award of attorney's fees and cost was "justified" where party "failed to oppose [the] petition to confirm the [arbitration] award"); *New York Dist. Council of Carpenters Pension Fund v. A Plus Flooring, Inc.*, No. 07 CIV. 4070 (DLC), 2007 WL 2947464, at *2–3 (S.D.N.Y. Oct. 9, 2007) (granting request for attorney's fees and costs "for the confirmation proceeding" where "[r]espondent ha[d] not submitted any opposition"); *Stage Directors & Choreographers Soc'y v. Paradise Square Broadway Ltd. P'ship*, No. 22 CIV. 6252 (PAE), 2022 WL 17249460, at *3 (S.D.N.Y. Nov. 28, 2022) ("Courts have routinely awarded attorneys' fees in cases where a party merely refuses to abide by an arbitrator's award without challenging or seeking to vacate it through a motion to the court." (alterations and quotations omitted)). The Court's conclusion is bolstered by Defendant's apparent refusal to respond to Plaintiff's efforts to notify Defendant of its confirmation motion, and Defendant's absence in this action

despite Plaintiff's notifications and service regarding it. *See, e.g.,* ECF No. 3-1; ECF No. 3-3.

* * *

Consistent with the above analysis, Plaintiff's Motion to Confirm Arbitration Award and for Enforcement of the Award as a Civil Judgment, ECF No. 1, is GRANTED.

The Court ORDERS that the arbitrator's final award of $333,094.85 is CONFIRMED.

Attorney's fees and costs for the confirmation proceeding in the amount of $4,132.00 are awarded to Plaintiff.

In compliance with 9 U.S.C. § 13, Plaintiff shall file, to the extent not already filed with the Court, the following papers with the Clerk of Court, within 14 days of this Order: (1) the parties' arbitration agreement; (2) the arbitrator's final award; and (3) each notice, affidavit, or other paper used upon an application to confirm, modify, or correct the award, and a copy of each order of the court upon such an application.

The Clerk shall enter judgment in favor of Plaintiff in the amount of $333,094.85, plus $4,132.00 in attorney's fees and costs, and against Defendant and close this case.

DATED this 23rd day of July 2025.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge